UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEMETRIUS NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00367-JPH-MJD |
| | ) | |
| ROBERT E. CARTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion for Partial Summary Judgment**

Plaintiff Demetrius Newell, an Indiana prisoner incarcerated at the Wabash Valley Correctional Facility ("WVCF"), brings this civil rights action alleging that the defendants denied him meaningful review of his restrictive housing status in violation of the Fourteenth Amendment and that the conditions of his confinement violate the Eighth Amendment.

Presently pending before the Court is the defendants' partial motion for summary judgment, which argues that Mr. Newell's Eighth Amendment claim is barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. For the reasons that follow, the defendants' motion for partial summary judgment, dkt. [20], is **granted**.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the

1

non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Facts

Mr. Newell has been held in administrative segregation at WVCF since November 27, 2017, and he complains of two distinct constitutional violations. First, he alleges that the defendants have not conducted meaningful reviews of his restrictive housing status in violation of the due process clause of the Fourteenth Amendment. Second, he alleges that the conditions of his confinement violate the Eighth Amendment because he is confined in a small cell 23 hours a day (which remains lit at all times), is restrained while he is out of his cell, can only shower three times a week, and eats his meals alone. This motion for summary judgment pertains only to whether Mr. Newell has exhausted his administrative remedies for his Eighth Amendment claim.

The Offender Grievance Process provides a mechanism for inmates to express complaints regarding topics of concern within the facility. Dkt. 20-1 at ¶ 7. Information about the Grievance Process is included with the Admission and Orientation Paperwork for inmates entering WVCF. *Id.* at ¶ 13. The Offender Grievance Process is available to offenders at all times, including when they are in the restrictive housing unit. *Id.* at ¶ 12.

Under the Grievance Process, an inmate is first required to attempt to resolve a complaint informally with an appropriate staff member. Dkt. 20-2 at 3. Second, if the inmate is unable to resolve his complaint informally, he may submit a formal grievance to the Offender Grievance Specialist. *Id.* Third, if the inmate is dissatisfied with the formal grievance response, he can appeal to the Department Offender Grievance Manager. *Id.*

Mr. Newell's grievance history contains no grievances related to the conditions of his confinement. Dkt. 20-1 at ¶ 19. Grievance records indicate that Mr. Newell has filed only one

accepted formal grievance since November 27, 2018, which related to medical treatment for his right hand. *Id.* at ¶ 20; dkt. 20-4.

Mr. Newell responded to the defendants' motion, stating that inmates were not aware that they could file a challenge to the 30-day review decision concerning their placement in restrictive housing. Dkt. 23.

### III. Discussion

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The undisputed facts demonstrate that Mr. Newell did not file any grievances with respect to his Eighth Amendment conditions-of-confinement claim. Mr. Newell's response alleges that inmates were unaware that there was a process to challenge the prison's decision to keep them in

3

restrictive housing, but that argument relates to Mr. Newell's Fourteenth Amendment claim, which is not at issue here. He presents no evidence that he was unaware of the Grievance Process for challenging the conditions of his confinement or was unable to use that process. *See Smith v. Davis,* 218 Fed. App'x 505, 507-08 (7th Cir. 2007) (agreeing with district court that administrative remedies were available to inmate in segregation challenging the conditions of his confinement, and he failed to properly exhaust them).

The consequence of Mr. Newell's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his Eighth Amendment conditions-of-confinement claim must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### IV. Mr. Newell's Motion for a *Pavey* Hearing

Mr. Newell filed a motion for a hearing pursuant to *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008), to resolve the defendants' defense that Mr. Newell failed to exhaust his available administrative remedies prior to filing this action. Mr. Newell's motion discusses only whether a grievance process was available for inmates in restrictive housing to challenge the decision to keep them in segregation. Again, Mr. Newell's due process claim is not at issue in the defendants' motion for summary judgment. Accordingly, Mr. Newell's motion for a hearing, dkt. [31], is **denied**.

### V. Conclusion

For the foregoing reasons, the defendants' motion for partial summary judgment, dkt. [20], is **granted**, and Mr. Newell's motion for a *Pavey* hearing, dkt. [31], is **denied**. Mr. Newell's Eighth Amendment claim is dismissed without prejudice. No partial final judgment shall issue as to the claim resolved in this Order.

4

The Court will issue a separate scheduling order.

**SO ORDERED.**

Date: 4/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMETRIUS NEWELL
139043
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov